[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated July 5, 1999, the plaintiff husband, Jeffrey Davis, commenced this action seeking a dissolution of marriage on the ground of irretrievable breakdown and other relief. By agreement of the parties, pendente lite orders were entered on August 25, 1999, providing joint custody of the child, primary residence with the wife and reasonable rights of visitation to the husband. It also provided for exclusive use and possession of the family home to the wife with the husband continuing to pay the mortgage in lieu of child support. It was clear from the agreement that although the husband was obligated to pay $135.00 per week in child support pursuant to the guidelines, the mortgage amount that he agreed to pay was $188.00 per week. The wife also received exclusive use of the Oldsmobile automobile.
On October 6, 1999, by agreement, an attorney was appointed for the child. On January 14, 2000, custody of the minor child was transferred ex parte to the husband. On May 3, 2000, the husband was granted exclusive possession of the marital home, by agreement.
The parties intermarried on September 3, 1986. The husband has resided continuously in the state of Connecticut for at least twelve months prior CT Page 8775 to the filing of this action. All statutory stays have expired. One child, Jeffrey Davis, Jr., born on July 10, 1988, was born to the parties. The wife received $444.00 per month in financial support from the state of Connecticut between August 1999 and February 2000.
The plaintiff husband has a high school education. He indicates no health problems. He is employed as a floor coverer and works ten to eleven months per year. At the time of trial, he had been laid off for two weeks. He is presently employed and earns approximately $840.00 per week. He lives with his significant other and his son Jeffrey in the marital home.
The wife also has a high school degree. She was employed on and off during the marriage as a crossing guard, at Avis rent a car and held other temporary jobs. The husband and wife purchased a home from her parents in 1986 with the down payment of $5,000.00 provided by his family. In 1994, the couple filed for bankruptcy. The wife moved to New Orleans in April 2000.
In 1996 and 1997, the husband observed that his wife was sleeping a lot. She sought help from a psychiatrist and was on medication. She stopped doing the laundry or cleaning and the husband and child would clean on Saturdays. She rarely cooked and the household responsibilities fell on the husband. She was hospitalized in April 2000 for twenty nine days because of mental health issues.
In 1998, the husband was arrested for breach of peace. He was ordered out of the marital residence and attended the Family Violence Education Program and the charge was ultimately dismissed. He received custody of the child in January 2000, after the wife accused the young boy of trying to poison her in concert with the husband. He then moved back into the home, and in the summer of 2000, his significant other moved in as well. When he moved back in, he had to replace the bathroom floor which was ruined during his absence. According to his testimony, he did extensive home improvement including gutter replacement. Upon his return, there were many shut-off notices, the water was turned off and the telephone was missing. The present value of the house is $110,000.00
There were some indications during the course of trial that the wife may have a psychiatric disability but there was no evidence that she has applied for Social Security benefits and no evidence that she is unable to be employed. Although the wife's Guardian Ad Litem, her cousin, indicated that she had little to no contact with the wife over the past ten years, she also indicated that there was abuse in the home during the first two years of the marriage and that the wife was observed during that period to have bruises and a black eye. CT Page 8776
The court has considered all of the testimony and exhibits entered at trial as well as the factors set forth in Connecticut General Statutes Secs. 46b-81, 46b-82, and 46b-62 and other pertinent statutes, the parties' earnings, and earning capacity differentials, and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody
The husband shall have sole legal and physical custody of the minor child. The nature and extent of the wife's contact with the child shall be guided by the recommendations of the child's therapist. The wife shall have telephone access to the child's therapist and information pertaining to the child.
Should regular visitation by the wife with the child be determined to be appropriate, each of the parents shall, to the greatest extent possible, have a full and active role in providing a sound ethical, economic, and educational environment for the child. These powers shall not be exercised for the purpose of frustrating, denying, or controlling in any manner the social development of the child by the other parent. The parents shall exert their best efforts to work cooperatively to develop future plans for the child consistent with the best interests of the child and to amicably resolve such disputes as may arise from time to time.
Recognizing the abiding need for the maintenance of a sense of dual parenthood for the benefit of the child and recognizing the deep and abiding love that each parent has for the child, the parties shall work together to maintain free, open and unhampered contact between the child and the parents at such time as it may be appropriate. Neither parent shall do anything that will estrange the child from the other parent, which will injure the opinion of the child as to the other parent or which will impair the natural development of the child's love and respect for each of the parents.
2. Financial orders
In fashioning these orders, the court has also considered, in addition to the statutory requirements, the differentials in earning capacity between the husband and the wife and the wife's alleged psychiatric disability.
a. Child Support
CT Page 8777
The testimony during trial, although somewhat limited, regarding the wife's mental health issues, compels this court to suspend any order for child support until such time as the wife has verifiable income. The wife shall periodically provide the husband with notice of any changes in her employment status and her eligibility for state or federal benefits which may impact on this order. She shall apply for any disability payments for which she may qualify.
b. Medical insurance and Unreimbursed Expenses
Each party shall be responsible for their own health insurance and unreimbursed medical expenses.
The husband shall be responsible for providing medical and dental insurance for the benefit of the minor child as available through his place of employment and at reasonable cost to him. The husband shall pay 100% of any co-pays and unreimbursed medical and dental expenses for the child.
c. Asset Distribution
With respect to the division of personal property, the parties have reached an agreement. With respect to the marital home valued at $110,000.00, the wife shall quitclaim her interest in the marital residence to the husband, who shall be responsible for all costs associated including mortgages, taxes and insurance. The wife shall be entitled to one half of the present equity in the home after the following deductions are calculated:
1. $71,000.00 mortgage
2. $5,000 down payment made by the husband
3. $8,080.00 in fees owed to the attorney for the child and to Dr. Luczyk.
 4. Any liens incurred by the parties during the marriage owed to the state or federal government, including the parties debt to the Internal revenue service.
Husband shall then be responsible for payment of the above debts. All fees for the child's therapist, the court appointed evaluator, and the attorney for the child are to be paid within ninety days.
The husband shall transfer to the wife, fifty-five percent of the CT Page 8778 Veriflex Retirement Annuity and fifty-five per cent of the Carpenters Supplemental Annuity by Qualified Domestic Relations Orders.
d. Alimony
The court finds that absent any evidence of an inability to secure and maintain employment, the wife has an earning capacity of at least $240.00 per week gross. The husband's current earnings are approximately $840.00 per week gross. In considering that the husband will bear 100% of the expenses for the minor child and in view of the fact that the wife is receiving 55% of the husband annuities, he is ordered to pay to the wife $50 per week in alimony for a period of five years. This order is nonmodifiable as to term.
The wife shall pay $1.00 per year in alimony to the state of Connecticut. Only the state of Connecticut may modify.
e. Taxes
The husband shall claim the child as an income tax dependency exemption.
f. Life insurance
The husband shall provide $50,000.00 term life insurance for the benefit of the minor child.
g. Liabilities and Debts
Each party is responsible for debts in their own name and for their own attorney's fees.
 ___________________ PRESTLEY, JUDGE